## RICE vs. THE STATE.

[INDICTMENT FOR BURGLARY.]

1. *Confessions of guilt; when should not be excluded.*—When no promises are made or threats used to obtain confessions, they should not be excluded because the circumstances surrounding the defendant were threatening. Such circumstances are proper to be considered by the jury in determining the credibility of the confessions, and what force and effect should be given to them.
2. *Same; charge as to, what erroneous.*—A charge asked in the following

words may be refused, to-wit : " If the confessions of the .defendant are not corroborated, a strong presumption arises that they are not true." There is no general presumption that confessions are to be regarded as untrue unless they are corroborated.

APPEAL from Circuit Court of Wilcox.
Tried before Hon. P. O. HARPER.

The indictment in this case charged that Henry Rice, *alias* Wright, "broke into and entered the dwelling house of William T. Spencer, with intent to steal," &c. The defendant having gone to trial on plea of not guilty, was convicted, and sentenced to ten years imprisonment in the penitentiary. The State, after having proved that Spencer's house was broken into in the year 1868, and a large sum of money in ten and twenty dollar gold pieces, and some few two-and-a-half dollar gold pieces, stolen at the time of the breaking, introduced Sam. Spencer, who testified that he and his brother visited defendant in jail, the prisoner, and witness and his brother alone being present at the interview. The witness then said to defendant, "I want to know what you and Bill did with father's money." Defendant replied that "he did not go into the house, but broke Bill's leg for him to go in, and that Bill broke the shutters, went in and got the money, and handed it to defendant at the window." The defendant, at the same interview, told the witness that if he would go to a certain place described by the prisoner, he would find the money in a hole in the ground. Witness found the hole, and some cloth in it which had been seen in Spencer's house, but could find no money. "Witness did not promise defendant anything to confess, nor use any threats against him if he did not confess." The defendant then moved the court to exclude the confessions on the ground that "the circumstances surrounding the prisoner were threatening, and that said confessions were not corroborated." The court overruled this motion, and defendant excepted. The State then proved that a short time after the house was entered, defendant bought goods and jewelry in Mobile, Alabama, to the amount of about $100, all of

which, except eight dollars, was paid for in gold coin; a twenty-dollar gold piece and two-and-a-half dollar gold pieces being used for that purpose, and that at the time of defendant's arrest he had a number of ten or twenty-dollar gold pieces on his person. There was some evidence tending to show that in 1866 defendant had been paid $87.50 in two-and-a-half dollar gold pieces. After the general charge to the jury, (which is not set out in the bill of exceptions,) the defendant asked the following charge : "That if the confessions of the defendant are not corroborated, a strong presumption arises that they are untrue." This charge the court refused, and defendant excepted, and the court then remarked to the jury "that they would recollect what the court had told them as to the law of confessions, and to this qualification the defendant excepted."

The errors assigned are—

1. Refusal to exclude the confessions.
2. The refusal of the charge asked.
3. The qualification of the charge.

JOHN McCASKILL, for appellant.
J. W. A. SANFORD, Attorney-General, contra.

(No briefs came into Reporter's hands.)

PECK, C. J.—But two questions are made on this record. One arises on a motion to exclude the confessions of the defendant, upon the ground that the circumstances surrounding him at the time they were made were threatening; and that the confessions were not corroborated.

1. No objection was made to the admissibility of the confessions at the time they were deposed to by the witness. The witness stated that no promises were made to obtain the confessions, and no threats used if the defendant did not confess.

The circumstances stated were proper to be considered by the jury in determining the credibility of the confessions, and what force and effect should be given to them,

but not sufficient to exclude them altogether. There was no error, therefore, in overruling the motion.

2. The other question grows out of the refusal of the court to give a charge asked by the defendant. After the court had charged the jury, the defendant asked the court to give the following charge to the jury: "If the confessions of defendant are not corroborated, a strong presumption arises that they are not true." There was no error in refusing this charge. Confessions are sometimes the most satisfactory evidence of the defendant's guilt; sometimes they are of very little value; but we know of no general presumption that confessions, unless corroborated, should be regarded as untrue, or should be presumed to be so. All confessions ought to be cautiously received by the court, and carefully considered by the jury. If voluntarily and intelligently made—not obtained by promises of favor, or by putting in fear by either threatening acts or words—a jury may very properly convict on confessions merely, without other evidence; but, if made by an ignorant party, under suspicious circumstances, as, if made when no one is present but the witness, or made by one in the custody of an officer, or in jail, and to a person interested to obtain them, or to one who might be supposed to inspire the prisoner with fear, or with a hope that by confessing, he would obtain a mitigation of his punishment, or from any other cause that might be fairly presumed to exercise an undue influence on the prisoner's mind, then conviction should rarely, if ever, be based upon such confessions only, without corroborating evidence. After the defendant's charge was refused, the court said to the jury, "You will recollect what I told you as to the law of confessions." To this the defendant objected, as a qualification of his charge. It is not readily seen how that remark can be construed as a qualification of the charge that had been refused. If the charge had been given in whole, or in part, it might, perhaps, amount to a qualification. But the charge was not asked in writing; therefore, if it had been given, there would have been no error in adding to it a proper qualifi-

cation.    Courts are only prohibited from qualifying charges
asked in writing.—Rev. Code, § 2756.

Let the judgment be affirmed.