# Carter *v.* The State.

### *Indictment for Burglary.*

1. *Burglary ; what constitutes.*—To constitute burglary, there must be a breaking, removing, or putting aside of something material, which constitutes a part of the dwelling-house, and is relied on as a security against intrusion. If the entrance be effected through an opening previously there without forcible enlargement of it, this cannot be a burglarious entry, unless it be effected through an open chimney.

2. *Same;*—It does not require violent or mechanical force to constitute a burglarious entry. If any force be employed to remove or displace that which has been placed to close an opening in a dwelling-house, or to protect the contents within, this is sufficient to constitute burglary.

3. *Same : quality of fastenings.*—The law cannot institute an inquiry into the sufficiency of the various fastenings employed for the preservation of chattels in store.

APPEAL from Henry Circuit Court.

Tried before Hon. H. D. CLAYTON.

Appellant was indicted for burglary, in breaking into a gin-house, wherein there was seed cotton kept for use, with intent to steal. It appears from the evidence that the building into which appellant was charged with breaking, was a *water-gin ;* that the house was two stories high ; that the doors and windows of the lower story were left open before, at the time of, and after the alleged burglary, there being nothing in that story or room ; that in the floor of the upper room there was a hole about one foot wide and four feet long, through which some of the machinery of a rice-mill worked when in operation, the mortars of which were below ; that at this time the rice-mill was not in operation, and a plank was laid over the hole and fastened down, or nailed, but was loose. One witness testified that this plank was placed there for the purpose of keeping the cotton from falling through. It also appears that at the time the burglary was committed, there were sixty-two pounds of seed cotton on or around the plank. The ginner testified that, on leaving the gin-house on Saturday night, (the burglary was committed between Saturday night and the Monday following,) he had shut and fastened the windows, and closed and locked the door of the upper story of the house. It was proved that the burglary was committed, if at all, by removing the plank from over the hole above described, and enter-

ing the same by climbing upon the mortar of the rice-mill
below.  This is all the evidence that appears from the record
in this case.  The defendant asked the court to charge the
jury, that if they believed the evidence they must acquit,
which the court refused to do.  The jury brought in a ver-
dict of guilty.  The ruling of the Circuit Court in refusing to
give the charge as asked for by defendant, is here assigned
as error.

H. C. TOMPKINS, Attorney-General, for the State.—The
facts in this case show that the building broken into was
used as a gin-house and rice-mill; that in the floor of the
upper room there was a hole about one foot wide and four
feet long, through which a portion of the rice-mill machinery
worked when such mill was in operation; this hole was cov-
ered by a plank, and that upon and around the plank sixty-
two pounds of seed cotton had been placed; that the room
was entered through this hole, the lower room being open,
and that in order to enter, defendant had removed the plank.
It is clear that though defendant may have entered the lower
room through an open window without a breaking, yet if he
broke into the upper room with the intent to steal, it was
burglary.—4 Black. Com. 226; 2 Whar. Am. Crim. Law,
§ 1536; *Wilson v. The State*, Coxe (N. J.) 439; *Scripture v.
The State*, 42 N. H. 485.  That the removal of the plank was
sufficient breaking, see *Com. v. Stephenson*, 8 Pick. (Mass.)
354; *Com. v. Finch*, 14 Grat. 643; *Rex v. Russell*, 2 Eng.
Crown Cases, 377; Roscoe Crim. Evidence, mar. page, 348.

(NOTE BY REPORTER.—No briefs for appellant came into
reporter's hands, nor does it appear by whom he was repre-
sented.)

STONE, J.—Lifting the latch of an outer door, and thereby
effecting an entrance, although the door is not otherwise
fastened, is a sufficient breaking and entrance under an in-
dictment for burglary.—*State v. Wilson*, Coxe (N. J.) 439.
So, pushing open an outer, closed door, although not fast-
ened, and thereby entering, (*Finch v. Com.* 14 Grat. 643), or,
lifting the flap of a cellar door, usually kept down by its
own weight, (*Rex v. Russell*, 2 Eng. Cr. Cases, 377,) is each a
sufficient breaking for purposes of burglary.  And, raising
the sash of a window, shut down close but not fastened, or,
pulling down an upper sash, kept in place alone by its
weight, or lifting a transom shutter, kept in place by its own
weight, may each constitute a burglarious breaking.—*Rex v.
Hyams*, 7 C. & P. 441; *Rex v. Hall*, Russ. & Ry. 451; 1 Russ.

on Cr. 786 *et seq.;* Rosc. Cr. Ev. 349; Whar. Am. Cr. Law, § 1532 *et seq.; Com. v. Stephenson,* 8 Pick. 354; 4 Black's Com. 226-7. In a note to page 3, 2 Sharsw. Russ. on Cr., it is said : "To constitute burglary, there must be a breaking, removing, or putting aside of something material, which constitutes a part of the dwelling-house, and is relied on as a security against intrusion."—*State v. Boon,* 13 Ire. 244. See, also, *Fisher v. The State,* 43 Ala. 17; *Walker v. The State,* 63 Ala. 49; *Lawder v. The State,* 63 Ala. 143; *Stone v. The State, Id.* 115. The sum of these authorities, we think, is, that if the entrance be effected through an opening previously there, without forcible enlargement of it, this cannot be a burglarious entrance, unless it is effected through an open chimney. This rule applies to a door or window left open, or any other opening in the house, through which the ingress is effected. It has even been held that if a window sash be left partly raised—not enough to allow entrance—it is not burglarious to raise it higher, and thus enter the premises. On the other hand, it does not require violent or mechanical force to constitute a burglarious breaking. On the contrary, if any force be required and employed, to remove or displace that which has been placed there to close the opening, or to protect the contents within, this is enough. The law does not and cannot institute an inquiry into the sufficiency of the various fastenings, that may be employed for the preservation of chattels in store. Under these rules, if the testimony was believed, the breaking was such that it might be burglarious. The Circuit Court did not err in the charge refused.

　　Affirmed.