[Brown v. The State.]

# Brown *v.* The State.

## *Indictment for Assault and Battery.*

1.  *Violent character of person assaulted; admissibility as evidence.*—In a prosecution for an assault and battery, where the defendant was himself the aggressor, he can not be permitted to adduce evidence of the bad character of the person assaulted, as a violent, dangerous, or turbulent man.

2.  *Abusive or insulting language; admissibility as evidence.*—The statute which allows a defendant who is prosecuted for an assault, an assault and battery, or an affray, to "give in evidence any opprobious words, or abusive language, used by the person assaulted or beaten, at or near the time of the assault or affray," and declares that "such evidence shall be good in extenuation, or justification, as the jury may determine" (Code, § 4900), was "intended as a shield, and not as a sword;" and it can not be invoked by a defendant who first used insulting words, and struck the first blow.

FROM the Circuit Court of Butler.

Tried before the Hon. JNO. P. HUBBARD.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The defendant was indicted and convicted of assaulting and beating one Adams with a stick, or other weapon of like kind. It appears from the evidence that the defendant brought on the difficulty, by cursing Adams, and was also the aggressor in striking the first blow. There is no color of pretense that he was acting in self-defense.

Under this state of facts, it is very clear that the court committed no error whatever in excluding the evidence, offered by the defendant, as to alleged bad character of Adams. It is no more permissible to beat a blood-thirsty ruffian, without some good and lawful excuse, than the worthiest and most orderly citizen. The rule which must obtain here is analogous to that which applies to cases of homicide, where it is well settled, that a defendant, who was himself the aggressor in bringing on the difficulty, can not shield himself from punishment, either by proof of previous threats, or by showing the bad character of the deceased, as a violent, dangerous or turbulent man. A proper construction of the decisions of this court can leave no room for any misunderstanding or doubt as to this point.—*Roberts v. The State,* 68 Ala. 156, and cases cited ; *Storey v. The State,* 71 Ala. 329 ; *Burke v. The State, Ib.* 377 ;

*Green v. The State*, 69 Ala. 6; *De Arman v. The State*, 71 Ala. 351; *People v. Campbell*, 43 Amer. Rep. 257, and cases cited.

The general charge of the court was also, in our judgment, free from error. We can not see that the legislature intended to confer the benefit of section 4900 of the Code upon a defendant who has brought a difficulty upon himself, by the use of opprobrious words, or abusive language. This statute provides, that, " on the trial of any person under an indictment for an assault, an assault and battery, or an affray, he may give in evidence any opprobrious words, or abusive language, used by the person assaulted or beaten, at or near the time of the assault or affray; and such evidence shall be good in extenuation, or justification, as the jury may determine."—Code, 1876, § 4900. This section must be construed in the light of the common law, which never permitted mere words to justify a blow upon the person using them. As expressed by an ancient common-law writer, no words whatever could amount to an assault.—1 Hawk. P. C. p. 110, § 1. The purpose of the statute under consideration was to modify this rule, so as to remit the whole matter to the determination of the jury, who are permitted, in cases of this nature, to justify or extenuate the conduct of one who strikes another under the influence of passion engendered by insulting language, when used at or near the time of the difficulty or affray. This was a concession to the weakness of human nature, when fired by the heat of passion. The effect of the statute is to make abusive language legally tantamount to an assault, against which the party abused might defend himself by a blow, within the discretion of the jury. The defendant having first used abusive language, which might have justified his adversary in striking him, was the aggressor; and no aggressor, who brings on a difficulty, can justly invoke a rule of law intended for the purpose of self-defense. The statute, in other words, was intended to be resorted to as a shield, and not a sword.

What we have said above is intended only as a construction of this section of the Code It in no wise contravenes the rule of the common law, which permits evidence of words or language, used by either combatant contemporaneous with an affray, or an assault and battery, to be considered by the jury, in connection with the circumstances of the case, for the purpose of explaining their nature by way of aggravation or mitigation.—2 Bish. Cr. Law (7 Ed.), §§ 25, 40; *Keiser v. Smith*, 71 Ala. 481.

Judgment affirmed.