# Elmore *v*. The State.

## *Indictment for Presenting a Gun at Another.*

1. *Indictment for presenting a gun at another; sufficiency thereof.*
An indictment which charges that the defendant "did unlaw-
fully present" a gun, pistol or other firearm, sufficiently
charges the offense described in the statute, (Code, § 4342),
and is not subject to demurrer upon the ground that the
words "other firearm," used in the indictment, are too indefi-
nite and uncertain.

2. *Wife incompetent as witness when husband is defendant.*—The
wife of a defendant is not a competent witness; and this is
true, though at the time of the commission of the offense she
was not the defendant's wife, having married him subsequent
to the alleged offense, but before the trial.

3. *Presenting firearm at another; abusive words no extenuation or
justification.*—It is no extenuation or justification for the stat-
tory offense of presenting a firearm at another, that the per-
son at whom the firearm was presented, used abusive or in-
sulting language to the defendant; the statute allowing the
use of such language in extenuation or justification being lim-
ited in its application to trials for assaults, assaults and bat-
teries, and affrays, (Code, § 4342).

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case, Henry Elmore, was tried
and convicted under the following indictment:   "The
grand jury of said county charge that before the finding
of this indictment Henry Elmore did unlawfully present
at Rufus Jackson a gun, pistol or other firearm, against
the peace and dignity of the State of Alabama."

The defendant demurred to this indictment, upon the
grounds set forth in the opinion.   The court overruled
the demurrer.

The State introduced evidence tending to show that
the defendant was guilty as charged.   There was some
evidence introduced by the defendant tending to show

that Rufus Jackson, the person at whom the gun is alleged to have been presented, cursed the defendant and used abusive language toward him.

The bill of exceptions contain the following recital: "The defendant then offered to introduce a witness, Martha McCall, who since the time that the defendant is alleged to have pointed the gun at Rufus Jackson has married the defendant, and was at the time of the trial the wife of the defendant, and offered to prove and show by the said Martha McCall, who was not the wife of defendant at the time, at the time the gun is alleged to have been pointed at Rufus Jackson, that she was present on the day that the assault is alleged to have occurred, and at the time and place, and defendant did not point a gun at Rufus Jackson on that occasion, nor did he have a gun on that occasion." The solicitor objected to the introduction of this witness, upon the ground that she was, at the time of the trial, the wife of the defendant. The court sustained the objection, and the defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If you believe the evidence in this case, you will acquit the defendant." (2.) "The court charges the jury that if you believe the evidence that Rufus Jackson cursed the defendant, you may justify him and acquit him." (3.) "You may acquit the defendant if you believe from the evidence that Rufus Jackson *used* insulting or abusive language to the defendant, and that at or about the time of the use of such abusive language the defendant assaulted the witness Jackson."

TERRY RICHARDSON, for appellant.

MASSEY WILSON, Attorney-General, for the State. The indictment sufficiently described the offense, and is not subject to demurrer.—*Hornsby v. State,* 94 Ala. 55; *Sims v. State,* 135 Ala. 61; Cr. Code, § 4319.

The wife of the defendant was not competent as a witness, and it is immaterial that she became his wife after the commission of the offense.—*Hussey v. State,* 87 Ala.

121; 3 Brick. Dig., 824; *Brown v. Lasselle,* 6 Black. (Ind.) 147, 38 Am. Dec. 135.

The fact that the defendant was cursed by the person at whom he presented the gun is no defense.—*Johnson v. State,* 136 Ala. 76.

TYSON, J.—The indictment avers that the defendant "did unlawfully present * * * a gun, pistol, or other firearm," etc.

Objection to it is taken by demurrer on the ground that the words "other firearm" are too indefinite and uncertain. Perhaps if these words were descriptive of the means used by which an offense was committed, the point would be well taken.—*Hornsby v. State,* 94·Ala. 55. But since they are the words employed by the statute (§ 4342 of the Code) and the presentation of any fire arm at another, whether loaded or unloaded, is made an offense, the allegation is sufficient.—*McClellan v. State,* 118 Ala. 122.

The court correctly ruled that the wife of the defendant was not a competent witness. It is of no consequence that she was not his wife at the time the offense was committed. She bore that relation toward him at the time she was offered as a witness, and to permit her to testify would clearly violate the principles upon which her exclusion is rested.—1 Greenleaf on Evidence, (16th ed.) § 336, p. 496.

Section 4345 of the Code by its express language is limited in its application to trials for assaults, assaults and batteries, and affrays, and has no application to trials for offenses of this character.

Affirmed.