(106 So. 682)

### MANCIL v. STATE.　(4 Div. 172.)

(Court of Appeals of Alabama.　Dec. 15, 1925.)

**Criminal law ⚖➡1169(9)—Admission of hearsay evidence in form of opinion, conclusion, and conjecture of witness on material matter, reversible error.**

In prosecution for assault with intent to murder, where indictment also charged lesser offenses of assault, assault and battery, and assault and battery with weapon, so that evidence of opprobrious or abusive language by person assaulted was proper in extenuation of lesser charges, in view of Code 1923, § 3302, and insistences of parties as to locus in quo were material, admission of evidence expressing witness' opinions, conclusions, suspicions, and conjectures, as to where and how difficulty occurred, based on hearsay, held error requiring reversal.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Frank Mancil was convicted of assault with intent to murder, and he appeals. Reversed and remanded.

Ballard & Brassell, of Troy, for appellant.

Where testimony offered is based in whole or in part upon the knowledge of some other

---

person than the witness, it is inadmissible as hearsay. 6 Ency. Evi. 449; Owensby v. State, 82 Ala. 63, 2 So. 764; Valentine v. State, 19 Ala. App. 510, 98 So. 483.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There was no error in rulings on evidence. Morrow v. State, 19 Ala. App. 212, 97 So. 106.

BRICKEN, P. J. Defendant, appellant here, was charged by indictment and convicted for the offense of assault with intent to murder. Comprehended in the indictment were the lesser charges of assault, assault and battery, and assault and battery with a weapon. As to these lesser offenses, the statute provides a rule of evidence which allows any person on trial for such offenses to give in evidence any opprobrious words or abusive language used by the person assaulted at or near the time of the assault, etc., and such evidence shall be good in extenuation or justification, as the jury may determine. Code 1923, § 3302. The provisions of this statute apply only to the misdemeanors charged in the indictment, and not to the felony charged therein; therefore the respective insistences of the parties hereto, as to the locus in quo of the transaction complained of, were material. In this connection the state introduced and examined as a witness one A. F. Floyd, and, over the timely objections and exceptions of defendant, the court allowed this witness to testify to his opinions, conclusions, suspicions, and conjectures, as to where the difficulty occurred, as to how Jim Pace, the alleged injured party, jumped out of the wagon, as to how he landed upon the ground, as to how he ran off, and to other matters of like import. It was admitted that the alleged occurrence complained of happened on Friday morning. It is also without dispute that this witness Floyd was not present at the time of the difficulty, and that he did not go to the place where he was told it happened until Sunday morning following, two days later. The material part of the testimony of this witness Floyd, who was the employer of Pace, the alleged injured party, was based upon what had been told him, and was hearsay pure and simple. This testimony should not have been allowed for the reasons stated, and, in overruling defendant's objections and motions to exclude in this connection, the court committed error necessitating the reversal of the judgment of conviction appealed from. Testimony of other witnesses of like import was also allowed by the court over the objections and exceptions of defendant. There was error likewise in these rulings. Under the well-settled rules of evidence, the testimony of these witnesses should have been limited to what they actually saw in the nature of signs, tracks, etc., and from such evidence it was for the jury, and not for the witness, to draw conclusions.

Other insistences of error are urged, but the rulings complained of, if error, will probably not again occur upon another trial of this case.

Reversed and remanded.