146 So. 826

ELMORE v. STATE.

4 Div. 700.

Supreme Court of Alabama.

March 16, 1933.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

Oakley .& Oakley and W. L. Lee, all of Dothan, for respondent.

BROWN, Justice.

■ Evidence of opprobrious words or abusive language used by the person assaulted or beaten at or near the time of the assault are not admissible *in mitigation or justification* on the trial under an indictment for an assault with intent to murder, under the provisions of section 3302 of the Code of 1923. This statute applies only where the indictment is for an assault, assault and battery, or affray. Taylor v. State, 48 Ala. 180; Brown v. State, 74 Ala. 42; Prior v. State, 77 Ala. 56; Elmore v. State, 140 Ala. 184, 37 So. 156.

■ Whether the indictment be for a misdemeanor or a felony, independent of this statute, evidence of statements and declarations of the parties, whether they are opprobrious words or abusive language, or not, used by the parties at the time of the commission of the alleged offense, and of the res gestæ of the main fact, is admissible in connection with evidence going to show self-defense, as giving character to and illustrating the acts of the parties. Nelson v. State, 130 Ala. 83, 30 So. 728; Lundsford v. State, 2 Ala. App. 38, 56 So. 89; Bessierre v. Ala. City G. & A. R. R. Co., 179 Ala. 317, 330, 60 So. 82.

■ Under the last-stated rule, what was said and done by the parties in respect to the paper and its contents, immediately before the assault, was clearly admissible, and under the circumstances stated in the opinion of the Court of Appeals, it was defendant's right to have the editorial referred to admitted in evidence, whether it was of the res gestæ or not. In Gafford v. State, 122 Ala. 54, 62, 25 So. 10, 12, it was held that evidence going to show illicit sexual relations between the deceased and the defendant's widowed sister which had come to his knowledge, was admissible on the defendant's trial under an indictment for murder; the court observing: " 'Whatever tends to shed light on the main inquiry, and does not withdraw attention from such main inquiry by obtruding upon the minds of the jury matters which are foreign, or of questionable pertinency, is, as a general rule, admissible evidence.' [Mattison v. State, 55 Ala. 224.] In view of the conflicting testimony as to which of the two, deceased or the defendant, was the aggressor in the unfortunate tragedy, would the offered testimony shed any light on that question? Could the jury fairly determine that question without knowledge of facts which might have exerted an influence upon, or supplied the motive to, one or the other to become the aggressor?" See, also, Richardson v. State, 204 Ala. 124, 85 So. 789; Gibson v. State, 193 Ala. 12, 69 So. 533; Ezzell v. State, 13 Ala. App. 156, 68 So. 578.

While we do not concur in the opinion of the Court of Appeals in the instant case, and regard the holding in Mancil v. State, 21 Ala. App. 200, 106 So. 682, as unsound in so far as that case holds that the statute, section 3302, Code of 1923, applies to a trial under an indictment for an assault with intent to murder; yet we concur, for the reason above stated, that the trial court erred in rejecting the editorial offered by the defendant as evidence, and that the judgment of conviction was properly reversed. The writ of certiorari will, therefore, be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.