39 So.2d 585

## SMITH v. STATE.

### 1 Div. 561.

Court of Appeals of Alabama.

June 15, 1948.

Rehearing Denied Aug. 3, 1948.

Affirmed on Mandate March 22, 1949.

Johnston, McCall & Johnston, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This is the second appeal in this case.

Appellant was originally indicted by the grand jury of Washington County charged with the offense of murder in the first degree for killing her husband, Eugene Smith, by cutting him with a razor. On the first trial she was convicted of the offense of manslaughter in the first degree, and her punishment was fixed at five years imprisonment in the penitentiary. On reversal of the judgment of conviction (Ethel Smith v. State, 32 Ala.App. 209, 23 So.2d 615), by this court she was again tried and convicted of manslaughter in the first degree, and sentenced to imprisonment in the penitentiary for a period of five years. From this judgment of conviction this appeal was taken.

The State's contention that the deceased was killed by appellant while he was sitting

in a chair was rejected by the jury on the first trial, since she was acquitted of murder in both the first and second degrees.

Her defense, therefore, that when she killed her husband he was threatening "to cut her God-damn throat," and beating her, while she was making every effort to escape, seems clear from the testimony.

The trial court refused to give to the jury written charge No. 35, requested by appellant, said charge reads as follows:

"35. The court charges the jury that if the evidence can be reasonably reconciled with any other conclusion than the guilt of the defendant, the jury should find her not guilty."

The evidence in the case with its cogent tendencies contradictory to the guilt of the defendant, made it important, and required that the charge be given; and it was error therefore on the part of the court below not to do so. Overby v. State, 24 Ala.App. 254, 133 So. 915; McKenzie v. State, 19 Ala.App. 319, 97 So. 155; Pickens v. State, 115 Ala. 42, 22 So. 551; Gilmore v. State, 99 Ala. 154, 13 So. 536; Scott v. State, 22 Ala.App. 380, 115 So. 853.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Smith v. State, 1 Div. 337, 39 So.2d 586.