163 So.2d 645

**Marion PATE**

**v.**

**STATE.**

**3 Div. 145.**

Court of Appeals of Alabama.

April 28, 1964.

Horne, Webb & Tucker, Atmore, and H. C. Rankin, Brewton, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The appellant, Marion Pate, was indicted by the Grand Jury of Escambia County for the offense of murder in the first degree of Donald Hayes on October 2, 1962, shortly after midnight on Houston Street, or Highway 29, at Flomaton, Alabama. Upon trial, appellant entered a plea of not guilty and a plea of not guilty by reason of insanity and was found guilty of murder in the second degree and sentenced to ten years in the penitentiary. The trial court overruled appellant's motion for a new trial and an appeal was taken to this court.

According to the testimony, the appellant and the deceased had had prior difficulties over the appellant's wife and the deceased had threatened the life of the appellant on several occasions with knives and guns and had disturbed him by numerous telephone calls and by frequently following appellant and his wife home from their work shift at Chemstrand Corporation. According to the testimony of the appellant, his wife and brother-in-law, Jimmy Morris, on August 1, 1962, the deceased broke into appellant's house by cutting through a screen door, breaking a glass door and reaching inside to unlock it. Pate then pushed appellant's brother-in-law aside in the hall and entered the bedroom where appellant was sleeping in the bed with his wife. Pate allegedly shook appellant's wife's feet and said "Get up, God Damn it and let's go." The wife left with him.

The appellant testified that a "short time" before Hayes received the fatal wound, he came to appellant's front door and pressed a pistol against the screen and demanded that Pate open the door. Pate refused to do so and Hayes left in a rage and returned later and shot at him five or six times from the driveway. A picture of a bullet hole in the house was introduced as evidence.

The testimony, continuing, reflects the following: that on the night of October 1, 1962, the appellant, Morris, and their respective wives were at the appellant's home when the two men left to go to town and drink some beer. Upon returning to the appellant's home, they found that their wives had left in the automobile of Morris.

The two men rode around looking for their wives and when they returned to appellant's house for the second time, they saw their wives in the automobile and saw the automobile being driven by Donald Hayes behind the car.

They proceeded to turn around and follow the Hayes car to a fork in the road where the wives drove to the right and Hayes and appellant drove to the left. The two cars drove around Escambia County and into Northern Florida for some time. After the appellant's automobile, being driven by his brother-in-law, had passed the Hayes car and was directly in front of it, appellant told Morris to pull over to the side of the road and stop the car at Flomaton, Alabama. Donald Hayes also pulled over and stopped behind the appellant's automobile.

According to the further testimony of appellant and his brother-in-law, the three men then got out of their cars and Hayes stepped between the cars to the right side where Pate was standing. Pate, the appellant, then took his shotgun from the automobile and pushed the deceased back a few steps and fired one shot which caused Hayes' death. Both the appellant and his brother-in-law testified that Hayes had his hand in his pocket and was advancing upon the appellant at the time of the shooting.

A witness, Mrs. Warren Whitmore, who lives in a house nearby, testified that she was awakened that night in her bedroom which is "right there on the highway" by very loud noises and that she heard a voice repeatedly saying, "No, don't—don't do that. No, Maynard, don't do that", after which she heard a loud noise and then a car leaving in front of her house with a "zoom". She awakened her husband who called the police.

Police Officer John Lambeth testified that when he and Officer Bobbie McGhee arrived at the scene, he saw a car parked on the left side of the road with a man lying behind it whom he recognized to be Donald Hayes, and that Hayes' "shirt was open and part of his intestines were sticking out on the right side." Lambeth also stated that he felt in the coat pocket of Hayes and looked around where he was lying and could find no weapon.

■ The testimony of Officer John Lambeth, over the objection of the defense, as to the statements made to him on the above occasion by the deceased was improperly admitted into evidence as part of the res gestae as the same were not within the scope of time to come within this rule. However, we feel that under the circumstances as reflected by the record, the statement allegedly made to Mr. Lambeth by the deceased, "Marion Pate shot me and his brother-in-law was driving the car", would, after the laying of a proper predicate for their introduction, be admissible in evidence as a dying declaration by the deceased.

Appellant strongly argues that the refusal by the court to give the following requested charges by the defendant constituted reversible error:

Charge No. 3 reads as follows:

"I charge you that the burden is on the State to prove from the evidence beyond all reasonable doubt, that the defendant was not free from fault in bringing on the difficulty."

■ It is a well established principle of law in this State that the burden is upon the State to prove beyond a reasonable doubt that the defendant was not free from fault in bringing on the difficulty and the jury should have been so instructed.

The above refused charge states a correct proposition of law and its refusal by the trial court constituted error. Sterrett v. State, 31 Ala.App. 161, 13 So.2d 776.

The following Charge No. 5 was also refused appellant:

"It is not necessary under the evidence in this case that the defendant should have been actually in danger of death or great bodily harm at the time

he shot the deceased in order for him to be justified in shooting the deceased. He had the right to act on the appearance of things at the time, taken in the light of all the evidence; and he had the right to interpret the conduct of the deceased in the light of any threats that the evidence shows the deceased to have made against the defendant. If the circumstances attending the shooting were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death and he honestly believed such to be the case, and there was not opened to him any avenue of retreat without enhancing his danger or the circumstances were such that a reasonable man would not have deemed that retreat was safe, then he had the right to shoot the deceased in his own defense, although as a matter of fact he was not in actual danger; and if the jury believes that the defendant acted under such conditions and circumstances as set out above, the burden of showing that the defendant was not free from fault in bringing on the difficulty is on the State, and if not shown the jury should acquit the defendant."

■ Portions of the above charge were covered by the court's oral charge and by other requested written charges but that part charging the State with the burden of proving that the defendant was not free from fault in bringing on the difficulty was not covered by either. Charge No. 5 has been approved in Doswell v. State, 34 Ala. App. 546, 42 So.2d 480, and its refusal worked prejudice to the defendant.

Charge No. 10 reads as follows:

"The court charges the jury that if there is a probability that accused is innocent, arising from the evidence, there is a reasonable doubt as to his guilt."

■ This charge refused to defendant was approved in Duncan v. State, 31 Ala. App. 186, 13 So.2d 695, and its refusal constituted error since it was not adequately covered in either the court's oral charge or the given written charges.

■ Charge 21 reads as follows:

"The court charges the jury that the jury are instructed that the defendant cannot be convicted, unless the evidence is inconsistent with any reasonable theory of innocence."

Charge No. 21 should have been given as requested by the defendant as it was not covered by either the oral or written charges of the trial court and states a sound proposition of law. Scott v. State, 22 Ala. App. 380, 115 So. 853; Sanford v. State, 145 Ala. 78, 39 So. 370; Howard v. State, 151 Ala. 22, 44 So. 95.

■ Charge No. 26 is:

"The Court charges the jury that the legal presumption of innocence is to be regarded by the jury in every case as a matter of evidence, to the benefit of which the accused is entitled, and, as a matter of evidence, attends the accused until his guilt is, by the evidence placed beyond a reasonable doubt."

The above charge was approved in Wilson v. State, 243 Ala. 1, 8 So.2d 422, and its refusal here was error.

Refused Charges No. 11, 13, 15, 16, 17, 25, 27, 29, 30, 32, 34, 36, 37, 38 and 50A state correct propositions of law but were substantially covered either by the court's oral charge or given written charges and their refusal was without error.

For the errors herein discussed, this cause is hereby

Reversed and remanded.