341 So.2d 174 (1976)
Donald McCLENDON
v.
STATE.
8 Div. 801.
Court of Criminal Appeals of Alabama.
June 15, 1976.
Rehearing Denied June 29, 1976.
*175 Carnes & Carnes, Albertville, for appellant.
William J. Baxley, Atty. Gen., and James S. Ward, Asst. Atty. Gen., for the State.
BOOKOUT, Judge.
Second degree burglary; sentence: two years.
At approximately 11:00 P.M. on July 3, 1975, Officer Glenn Kilpatrick observed three men entering a 1969 or 1970 green Camero which had been parked near Denney Motors in Albertville. For reasons known only to himself, he pursued the Camero, but lost contact with it and returned to Denney Motors. Upon arriving there, he discovered some windows that had been broken. Officer Kilpatrick then put out an all-points bulletin on the green Camero.
On July 4, 1975, at approximately 3:00 A.M., Officer Kilpatrick again observed a 1969 or 1970 green Camero, which was in the process of being stopped by another patrol car. He approached the Camero, which contained three men. The men's names were Frankie Brown, Sherman Campbell and Donald McClendon, the appellant. Officer Kilpatrick asked the driver for his driver's license. At this time Kilpatrick spotted beer cans on the floor in the front and back seats of the car. The occupants of the Camero appeared to have been drinking and were arrested for "... violating the prohibition law...." (R.p. 46).
The appellant was given the required Miranda warnings. He subsequently confessed to being an accomplice to the burglary of Denney Motors. Property taken from Denney Motors was found in a chicken house in the rear of the house of appellant's companion, Sherman Campbell, where appellant had indicated the property was located.
The appellant presents six arguments, any one of which he asserts is a sufficient basis upon which to reverse the trial court's decision.

I
The appellant contends the trial court's refusal to grant the appellant "youthful offender" status was error. We do not agree.
At the time of the burglary and of the arraignment, the appellant was seventeen years old. Previous to arraignment, he had been convicted of V P L in Boaz. He also had two other charges pending against him when he was arraigned. These two charges were for burglaries committed contemporaneously with the burglary of Denney Motors.
The Youthful Offender Act, Title 15, § 266(1) et seq., Code of Alabama 1940, Recompiled 1958, vests in the trial judge almost absolute discretion to grant or deny Youthful Offender status after making an appropriate investigation. We find no abuse of discretion in the trial judge's denial of Youthful Offender treatment under the circumstances enumerated above. See: Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975).

II
The appellant contends that the confession was inadmissible as the State failed to *176 independently prove the corpus delicti. The indictment charged that the appellant ". . . did break into and enter . ." Denney Motors. Appellant argues that there was no evidence that the breaking was into and cites Brown v. State, 55 Ala. 123 (1876) and Scott v. State, 22 Ala.App. 380, 115 So. 853 (1928).
In Brown, supra, the evidence showed the defendant had hidden in a store until after closing time and then had broken out. In Scott, supra, the evidence showed no signs of any breaking, and the victim testified that he did not know if the doors and windows had been shut.
On their facts, Brown, supra, and Scott, supra, are clearly distinguishable from the instant case. Here, all the windows and doors were locked when the building was closed on the afternoon of July 3. A window was subsequently broken and property was removed from inside the building. There was no contention that the appellant or his confederates had hidden in the building before closing time.
Circumstantial evidence may afford satisfactory proof of the corpus delicti. A voluntary confession may be introduced where the circumstantial evidence supports the reasonable inference that a crime has been committed. Taylor v. State, 276 Ala. 232, 160 So.2d 641 (1964). The facts in the present case support the reasonable inference that Denney Motors was broken into.

III
The appellant contends the trial court erred in refusing to give appellant's Requested Charge No. 4, which reads as follows:
"The Court charges you that you are not to consider any confession or incriminating statement which it is said the Defendant made unless such confession or statement is corroborated and supported by other evidence."
The appellant submits that the jury could consider the adequacy of the corpus delicti proof, i. e. whether Denney Motors was broken into. Hill v. State, 207 Ala. 444, 93 So. 460 (1922). Appellant's argument pertaining to Charge No. 4 appears to be that a jury must not consider a confession unless convinced that the corpus delicti had been proven. However, in Hill, supra, the court held that where there are inconclusive facts and circumstances which tend to show the corpus delicti, a confession may be used to satisfy the jury beyond a reasonable doubt as to the corpus delicti.
In Rice v. State, 47 Ala. 38 (1872), the following charge was requested:
". . . `If the confessions of the defendant are not corroborated, a strong presumption arises that they are not true.' . . ."
In Rice, supra, there was a prima facie showing of the corpus delicti, and the charge was refused. There was a prima facie showing of the corpus delicti in the present case, and thus Charge No. 4 was properly refused.

IV
The appellant contends that his confession was inadmissible as it was the product of coercion or of a promise of lighter treatment. The evidence on this issue is in conflict. The transcript in this case is 189 pages long. Over half the transcript is devoted to determining whether or not the confession was voluntary.
The trial court ruled the confession was voluntary. The evidence presented at trial was capable of supporting the inference that the rules of freedom and voluntariness were observed. The ruling of the trial judge was supported by substantial evidence, and we are not convinced that the trial court's conclusion was palpably contrary to the weight of the evidence. McNair v. State, 50 Ala.App. 465, 280 So.2d 171, cert. denied 291 Ala. 789, 280 So.2d 177 (1973).
There is one item of uncontroverted evidence which must be considered. The investigating officer, Tommy Cole, told Frankie Brown and the appellant that the police had lifted some fingerprints from the scene of the crime. Officer Cole told them that if they had committed the burglary *177 they might as well confess in order to save everyone the time and trouble of sending the fingerprints off for identification. (R.p. 64). The appellant and Frankie Brown then confessed.
Officer Cole testified that the police did in fact have some fingerprints at the time of his interrogation of the appellant. In light of such testimony, we hold that the voluntariness of the confession is not negated by reason of Officer Cole informing the appellant of the existence of the fingerprints. Such amounted to neither a threat nor a promise of reward, and we find nothing improper in Officer Cole making such a statement to the appellant.

V
The appellant contends that his arrest was illegal and therefore the confession should be excluded as "fruit of the poisonous tree" per Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We hold that Officer Kilpatrick had probable cause to arrest the appellant for violation of the prohibition law.
By our holding in this regard, we do not say that mere presence in an automobile where prohibitive liquors or drugs are found is sufficient for a conviction. In the present case, the appellant was seventeen. He was sitting in the back seat of a car and there were beer cans in the back seat. Officer Kilpatrick testified that he could tell the appellant had been drinking. Marshall County is a dry county, and there was probable cause to arrest the appellant under the aforementioned circumstances.
The record is void of any reference as to why the Camero was stopped by the other patrol car. Apparently, the car was stopped because of the all-points bulletin which had been put out over the police radio approximately four hours earlier.
A report received over police radio, that persons fitting a certain description were travelling in a certain described automobile are wanted in connection with a felony, is sufficient probable cause to stop such vehicle and make an investigation. Crane v. State, 55 Ala.App. 619, 318 So.2d 315 (1975). Also see: Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973).
Pursuant to Alabama's "stop and frisk" statute, a law enforcement officer, "may stop any person abroad in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or other public offense, and make demand of him, his name, address and an explanation of his actions." After stopping such person, the officer has a right to make a cursory search for a dangerous weapon for his own protection. If the officer finds a weapon, "or any other thing the possession of which may constitute a crime, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person." Title 15, § 118(1)-(2), Code of Alabama 1940, Recompiled 1958, 1973 Cumulative Pocket Part (Act No. 157, Acts of Alabama 1966, Approved August 19, 1966).
This Court upheld the stop, the search and the arrest of a defendant pursuant to the "stop and frisk" statute where the stop was occasioned by an alert received by a police radio dispatch in Bates v. State, 48 Ala.App. 489, 266 So.2d 155 (1972), cert. denied 289 Ala. 740, 266 So.2d 160; cert. denied 410 U.S. 942, 93 S.Ct. 1359, 35 L.Ed.2d 608 (1973).
Either Officer Kilpatrick, acting on his prior observation of the vehicle, or the other officers acting on the radio dispatch, could have reasonably suspected that the occupants of the vehicle had committed the burglary, and thus could have lawfully stopped them to demand an explanation of their actions. Upon stopping the vehicle, any of the officers had the further right to look in the car to see that no dangerous weapon was in reach of the occupants. Upon seeing the illegal beverages and observing the demeanor of the occupants, coupled with the smell of alcohol, it cannot be said that the officers exceeded their authority in making the arrest. Likewise see Title 15, § 154, Code of Alabama 1940.
*178 The appellant questioned Officer Kilpatrick concerning the reason for the stop. However, in asserting that his arrest was illegal, the appellant failed to sufficiently apprise the trial court of the contentions which he presents to us, that the arrest was illegal because the stop was unexplained.

VI
The final contention of the appellant is that the trial court erred in allowing Officer Kilpatrick to testify about certain events leading up to the appellant's arrest. He testified that he had previously seen a 1969 or 1970 green Camero, containing three men, near Denney Motors, late on the night of July 3, 1975. This was some four hours before the appellant's arrest. The exact time of the burglary of Denney Motors was unknown.
Officer Kilpatrick's testimony is circumstantial evidence that places a similar automobile, to that in which appellant was travelling, at the scene of the crime. Certainly such was relevant, and the weight to be given such evidence was for the jury to determine.
AFFIRMED.
TYSON, HARRIS and DeCARLO, JJ., concur.