BOOKOUT, Judge.
Second degree murder; sentence: twenty years imprisonment.
Mrs. Martha Hudson testified on April 4, 1978, she saw the deceased, Arthur Davis, and appellant leave Davis’ residence and walk in the direction of a pay telephone. On their return, they both spoke to Mrs. Hudson. She observed appellant wave to another man and saw Davis pull her to his side. A brief argument ensued between the two, and then they returned to Davis’ residence.
Shortly thereafter she saw paramedics arrive at the Davis residence. She quickly went to his home and found Davis bleeding badly sitting on a couch. Davis told Mrs. Hudson appellant had stabbed him. Paramedics transported Davis to a local hospital where he was treated and returned home. Mrs. Hudson found him dead in his home the day following the stabbing.
Dr. Richard Roper, a state toxicologist, testified the cause of death was acute internal hemorrhage subsequent to a stab wound which penetrated the liver. He stated Davis had been stabbed ten times in various parts of his body, including several wounds in the back.
In an oral confession to the police, the appellant admitted stabbing Davis. At trial she testified that she met Davis in February and “stayed” with him for a while. They fought repeatedly over her relationship with a black man, and she finally left Davis after he threatened to kill her if she saw the black man again. The day of the assault was the first day she had returned to Davis since that event. When she attempted to leave Davis to return to the *37 black man’s residence where she had been staying, Davis refused to let her leave. The appellant testified that she went into the bathroom and then took a knife, hidden between blankets in a hall closet, and placed it in her pants. She again attempted to leave and was thwarted by Davis. She sat on the sofa with him, hiding the knife under a cushion. As she attempted to stand, Davis forced her to sit down. Again she attempted to stand, and Davis tried to force her down. At that time she took the knife and began stabbing him. She exited through the back door while Davis went out the front door.
I
Appellant argues that the trial court erred in charging the jury as to murder in that the evidence was only sufficient to sustain a conviction for voluntary manslaughter. He asserts the assault was made in the heat of passion and, hence, was necessarily lacking in the essential element of malice requisite for a murder conviction.
The evidence shows without dispute that appellant intentionally stabbed and killed Arthur Davis with a knife. Further, the evidence revealed that Davis was stabbed four times in other parts of the body. Appellant, by her own admission, had purposefully concealed a knife on her person after arriving at the deceased’s house shortly before the attack occurred. She hid the knife,, ready for use, under a cushion on the sofa. She testified that Davis made no overt action to harm her, but had only prevented her leaving his residence. The appellant also indicated that Davis was not armed at the time of the assault. In her own words: “. . .1 can’t think of what happened, but something made me mad. I took the knife. ... I was stabbing him and I said ‘y°ur (sic) always drawing a knife on somebody, and you will see how it feels and don’t ever forget.’ . . . ”
An intentional killing with a deadly weapon raises a presumption of malice unless the circumstances surrounding the killing negate that presumption. Sowells v. State, Ala.Cr.App., 339 So.2d 1090 (1976). In the instant case, we believe the circumstances surrounding the assault, as revealed both by appellant’s confession and her testimony at trial, do not, as a matter of law, disprove malice. The evidence merely presents the question for the jury’s determination. Morris v. State, 47 Ala.App. 132, 251 So.2d 629 (1971). The jury could reasonably conclude from the methodical and premeditated concealment of the knife and the numerous wounds in the victim’s back that the appellant maliciously stabbed Arthur Davis to death. Lashley v. State, 24 Ala.App. 136, 131 So. 454 (1930).
II
Appellant’s last contention is that the trial court erroneously refused her requested written Charges 11 and 12.
Charge No. 11 reads as follows:
“The court charges the jury that if there is a probability that the accused is innocent, arising from the evidence, there is a reasonable doubt as to his guilt.” (Emphasis supplied.)
The charge here refused was approved in Duncan v. State, 31 Ala.App. 186, 13 So.2d 695 (1943), and reapproved in Pate v. State, 42 Ala.App. 334, 163 So.2d 645 (1964). Its refusal would normally constitute error if not adequately covered in other given charges or in the court’s oral charge. However, a trial court will not be put in error for refusing a requested charge which is ungrammatical, contains misspelled words, or contains a verbal inaccuracy. State v. Owen, 279 Ala. 281, 184 So.2d 362 (1966); Reeder v. State, 210 Ala. 114, 97 So. 73 (1923); 6A Alabama Digest, Criminal Law, &wkey;830. The instant charge refers to “his” guilt, rather than to “her” guilt. This court still recognizes the difference between the male and female gender. Thus, the charge contained a verbal inaccuracy and was properly refused.
Charge No. 12 reads as follows:
“The court charges the jury that the jury are instructed that the defendant cannot be convicted, unless the evidence is inconsistent with any reasonable theory of innocence.”
*38 Charge 12 was also specifically approved in Pate, supra. It is a correct statement of the law and should be given where evidence has been presented which is inconsistent with any reasonable theory of innocence. However, we are not at all convinced that evidence was presented in the instant case which was inconsistent with “any reasonable theory of innocence.” The appellant gave a full confession out of court and then admitted in court that she repeatedly stabbed the victim. Even on the weak hint of self-defense injected into the case, the trial court gave a comprehensive charge concerning that defense.
The trial judge gave lengthy and detailed instructions to the jury concerning the presumption of innocence and reasonable doubt. After defining the term “reasonable doubt,” the trial judge charged the jury:
“Now, arriving at your verdict, it’s your duty to carefully consider the entire evidence in the case, and in so doing you should entertain such doubts only as arise from the evidence and are reasonable, as I have defined it. Unless a doubt is a reasonable one and does so arise, it will not be sufficient in law to authorize a verdict of not guilty.”
He further charged:
“. . . You should weigh all of the evidence and reconcile it if you can reasonably do so, but if there be irreconcilable conflict in the evidence, you are to-take that evidence which you think is worthy of credit and give it just such weight as you think it’s entitled to. . . ”
Often a charge which is a correct statement of the law is properly refused because the facts of the case do not specifically require it or because the trial judge has given adequate instructions which would generally encompass that proposition. This has been true in cases where it was held to be unnecessary to charge that “the assertions of counsel are not evidence,” Lamar v. State, Ala., 356 So.2d 680 (1977); Turner v. State, Ala.Cr.App., 356 So.2d 235, cert. denied, Ala., 356 So.2d 237 (1978), and unnecessary to charge as to a reasonable doubt arising from “part of the evidence.” King v. State, Ala., 356 So.2d 1220 (1978).
After reviewing the trial court's oral charge in its entirety, we believe the jury was fully made aware that a conviction could not be based upon evidence which was inconsistent with the accused’s innocence. Therefore, we find no error for refusing the requested charge under the circumstances of this case.
AFFIRMED.
All the Judges concur.