Smoot *vs.* Fitzhugh.

SMOOT *VS.* FITZHUGH.

1. The purchaser and hirer of a slave, acquire titles, differing only in degree---and the same general principles govern both.

2. The purchaser of a slave, stands in no better situation, in regard to the title, than the party from whom he purchased.

3. The printed statutes of any of the States of the Union, purporting to have been published by authority of the State, are to be received as evidence of the public acts of such State.

4. A copy deed, duly certified, is evidence of the contents of the original---and it is no cause of complaint, that the question was submitted to a jury, and not decided by the court.

5. The law does not require a marriage settlement to be recorded ---and it will not avail a party, who has purchased property of a vendor who had no title, that he had no notice of the deed of settlement.

Error to the Circuit court of Mobile.

Detinue for a slave—tried by *Pickens,* J. Verdict and judgment for plaintiff.

Smoot *vs.* Fitzhugh.

This case is, in most of its features, the same as the case of Swift vs. Fitzhugh, previously decided—except that in this case, the slaves sued for were purchased by the plaintiff in error, of John H. Maguire, on the fourteenth of February, eighteen hundred and thirty-four. In this case also, in addition to the evidence produced in the court below, by the defendant in error, in the case of Swift vs. Fitzhugh, the defendant in error proved by a witness, that he had read the original deed, and that the copy certified from the State of Virginia, was a true copy of the original. The defendant, also, in addition to the copy of the Virginia statute, produced, in the above cited case of Swift vs. Fitzhugh, read the same act, from the Revised Code of the State of Virginia. It was also proved, that the deed of marriage settlement was not recorded, in Mobile, until the seventeenth of February, eighteen hundred and thirty-four.

In addition to the charges given by the court in the said case, of Swift vs. Fitzhugh, the court was, in this case, asked to charge the jury, that if they believed the deed of settlement was not duly recorded in Mobile county, until after the negroes had been twelve months in the county, and that Smoot had no notice of the deed, when he purchased, he would be entitled to hold the negroes, against the plaintiff,—which charge the court refused to give; but charged the jury, that the statute of this State, (Sec. 4, Aik. Dig. 207,) did not apply to this case. That the defendant, notwithstanding he may have purchased the negroes, without notice, and the deed might not have been recorded in this State, for more than twelve months after the negroes were brought to the

9 P                    10

Smoot *vs.* Fitzhugh.

State, would not be entitled to hold, against the plaintiff.

In this case, also, the court did not pass on the correctness of the copy produced in evidence, but referred the decision of that question to the jury.

*Stewart*, for plaintiff in error—
*Campbell*, contra.

ORMOND, J.—The principles decided in the case of Swift vs. Fitzhugh, at the present term, are decisive of this case.

The plaintiff in this case, is a purchaser of the slaves in controversy; in that, he was a hirer; but as both are legal titles, differing only in degree, the same principles must govern both. The quantity of the interest cannot enter into the decision of the question. In both cases the parties must derive their title through John H. Maguire, and can not be in a better situation than he would be, were he the person asserting title.

The reading to the jury, the act of the Virginia Legislature, from the Revised Code, to the same effect as the duly certified copy of the same act, which was also in evidence, was merely cumulative, as this court, in the case of Cox and Cox vs. Robertson—(2 Stew. & Porter, 91,) determined, "that the printed statutes of any of the States of the Union, purporting to have been published by authority of the State, (which is the fact in this instance,) are to be received as evidence, here, of the public acts of such State."

The same remarks apply to the proof, by the witness introduced, that he had compared the copy of the mar-

Smoot *vs*. Fitzhugh.

riage settlement, with the original, and that it was a true copy. The copy certified under the act of congress, with the certificate annexed, was proof of the contents of the original: and the effect of this proof is not impaired by the introduction of other evidence, of the same fact, of equal or inferior grade.

The court would have been authorised to instruct the jury, that the copy, certified as it was, was evidence of the contents of the original, and it certainly was not an error, of which the plaintiff in error can complain, that the fact was left for the decision of the jury.

The charge of the court, that the law did not require the marriage settlement to be recorded, is correct, as is shewn in the case of Swift vs. Fitzhugh: nor will it avail the plaintiff in error, that he had no notice of the deed of settlement.

The judgment of the court below is affirmed.

GOLDTHWAITE, J , not sitting.