## GERON v. FELDER, use, &c.

1. Where the judicial certificate, to an exemplification of a judgment, rendered in the circuit court of Noxubee county, in the State of Mississippi, recites, "I, A B D, presiding judge of the fourth judicial district of the State of Mississippi, which said district, includes the county of Noxubee," do certify, &c: it is a sufficient compliance with the act of Congress to admit the transcript in evidence.

2. A digest of the laws of a State, which does not appear to have been published by authority of law, is inadmissible as evidence to establish the rate of interest of such State.

Error to the Circuit Court of Madison.   Before the Hon. Geo. D. Shortridge.

THE defendant in error brought debt on a judgment rendered in his favor, against the plaintiff in Mississippi.   The plaintiff in error objected to the certificate of the judge, as insufficient to authenticate the record, under the act of Congress, but his objection was overruled.

The certificate is in this form: "I, Armistead B. Dawson, presiding judge of the fourth judicial district of the State of Mississippi, (which said district includes the county of Noxubee,) do hereby certify," &c.

The defendant in error, to prove the law of Mississippi regulating interest, offered as evidence a printed volume, purporting on its title page to be a digest of the laws of Mississippi; but there was no evidence that the book was published by any legislative authority.   It contained an address to the people of Mississippi by the author, and was printed in 1839.

The plaintiff in error objected to the introduction of this volume, as evidence of the rate of interest in Mississippi, but the objection was overruled.

To the above rulings of the court, the plaintiff in error excepted, and now assigns them as error.

ROBINSON, for plaintiff in error.

J. J. ORMOND, for defendant in error.

The printed volume of the laws of Mississippi, on its face purported to be a digest of the laws of that State, and was properly admitted in evidence.  To require the proof contended for—that it was published by legislative authority—would destroy the rule, as it would be quite as easy to prove the existence of the law in controversy, as the act authorizing the publication of the digest.  The adjudged cases show fully that there has been a relaxation of this rule of evidence, and fully sustain the decision of the court.  1 Greenleaf Ev. 529, § 480; Young v. Bank of Alexandria, 4 Cranch, 388; Biddis v. James, 6 Binney, 321; Kean v. Rice, 12 S. & R. 203.

DARGAN, J.—It is not necessary, that the certificate should use the precise language of the act of Congress, but when different language is adopted, it must not be equivocal, or capable of bearing a different meaning, or of conveying a different *idea*, than the language used in the act.  13 Ala. 722.  The certificate in this case shows, that the judge who made it was the *presiding judge* of the circuit court of the fourth judicial district, and also that Noxubee county, in the circuit court of which the judgment was rendered, composed a part of this district.  The certificate therefore excludes any other idea, *than that he was the presiding judge of the court*, the record of which was certified.  The transcript was properly admitted as evidence.  But we think the court erred in permitting the printed volume, purporting to be a digest of the laws of Mississippi, to go to the jury as evidence to prove the statute law of that State, fixing the rate of interest. It did not appear, either from the book itself, or otherwise, that the author published it, by any authority of the laws of that State, or that he was required by law to publish, *or digest* the statute laws of Mississippi.  If the author had merely made a transcript of the statute, it would be clear to all, that this transcript or copy could not be received as evidence, without proof that it was a correct copy, and I cannot perceive how this transcript can become legal evidence, by being printed in a book merely.

Vol. 15—39

In the case of Hanrick v. Andrews, 9 Porter, 1, the interest law of New York was read from a book published by the authority of that State, this court held, that it was properly admitted as evidence. The authorities on which the court relied in coming to that conclusion, fully sustain the opinion of the court. But I have found no case that holds, that a book purporting to be a digest of the statute laws of a State, can be received as evidence, unless it was published by authority of law. It is the fact, that the author was authorized, or required by law, to publish a digest, that makes his book evidence of the laws it contains, and not the mere fact that he has published a book, purporting to be a digest of those laws.

How it shall be made to appear, that the author was authorized to publish his digest, we will not inquire. But in the absence of all proof on this subject, and the book containing no evidence within itself, that it was published under the authority of law, it cannot be received as evidence of the laws it purports to contain.

Let the judgment be reversed, and the cause remanded.