[Graves v. The State.]

# Graves *v.* The State.

*Indictment for Burglary.*

1. *Breaking into railroad car; sufficiency of indictment.*—In an indictment for burglary in breaking and entering a railroad car· (Code, § 4344), it is not sufficient to aver that the goods in the car were therein kept "for transportation": the averment should be, that they were kept "for transportation as freight."

2. *Same; averment of ownership.*—In an indictment under this statute, the ownership of the car broken into and entered is an indispensable averment. (STONE, J., *dissenting.*)

ERROR to the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The indictment in this case charged that the defendant, Levi Graves, with others, "broke into and entered a railroad car, upon or connected with the Western Railroad of Alabama, in which car goods, merchandise, or meat, of the value of fifty dollars, was kept for use, deposit, or transportation, with intent to steal; against the peace," &c. There was a motion in arrest of judgment, on account of the insufficiency of the indictment, in failing to aver the ownership of the car or its contents; which motion was overruled. The case is brought to this court by writ of error.

J. GINDRAT WINTER, for the defendant, cited Clark's Manual, §§ 869, 881; *Horton v. The State,* 53 Ala. 493; *Johnson v. The State,* 32 Ala. 583; *Danner v. The State,* 54 Ala. 127.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The indictment is founded on the statute (Code of 1876, § 4344) which declares the breaking and entry, with intent to steal, or commit a felony, into any railroad car, upon or connected with any railroad in this State, in which any goods, merchandise, or other valuable thing, is kept for use, deposit, or transportation as freight, is burglary, punishable on conviction by imprisonment in the penitentiary, not less than two, nor more than four years. An indictment, founded on a statute creating a new offense unknown to the common law, is insufficient, unless it clearly alleges every fact which enters into and is an ingredient of the offense. This statute is intended to protect goods kept

in a railroad car, if they are so kept for use, or on deposit, or for transportation as freight. If not kept for one of these purposes, they are not within the protection of the statute, and the breaking and entry of the car, though with an intent to steal, or to commit a felony, is not within the words of the statute. One of the alternative averments of the indictment is, that the goods were kept in the car for transportation, omitting to aver the transportation was as *freight*. If not kept for transportation *as freight*, the goods were not within the protection of the statute. One of the alternative averments fails, consequently, to disclose the statutory offense.—*Horton v. The State*, 53 Ala. 488.

Another defect in the indictment is, that the ownership of the car is not averred. In all indictments for burglary, it is as essential to aver the ownership of the house, or other place broken and entered, as it is in larceny to aver the ownership of the goods stolen.

The judgment must be reversed, and the cause remanded. The prisoner will remain in custody, until discharged by due course of law.

STONE, J., dissenting on the second point considered.