# Johnson *v.* The State.

*Indictment for Burglary.*

1. *Burglary by breaking into and entering a railroad car; ownership of car must be alleged.*—Under section 4344 of the Code of 1876, declaring that the breaking and entry into a railroad car, in which goods, merchandise, or other valuable thing is kept for use, deposit, or transportation as

freight, with the intent. to steal, or to commit a felony, is burglary, it is essential that the indictment should allege the ownership of the car.

2.   *Same; averment of ownership.*—Where, at the time of the breaking and entry, the car was the property of one railroad company, the ownership is properly laid in that company, although another railroad company may have had the possession and use of it.

3.   *Same; when incorporation of railroad company must be proved.* Where, in such case, the ownership is laid in a railroad company, averred to be a corporation, the fact of incorporation must be shown; and when that is derived from a statute of which the courts do not take judicial knowledge, the statute must be produced.

4.   *When printed volume of statutes of another State inadmissible.*—The statute of another State can not be proved by the production of a printed volume purporting to contain it, which does not import on its face to have been printed by the authority of that State; and the mere declaration on the title page of the volume, that it was "published by authority," without indicating the authority, or that it proceeded from any of the recognized departments of the State government, does not render it admissible in evidence under our statute.   (Code of 1876, § 3045.)

APPEAL from City Court of Montgomery.

Tried before Hon. THOS. M. ARRINGTON.

Israel Johnson, the appellant, with three others, was indicted for breaking into and entering a railroad car, the property of the "Louisville and Nashville Railroad Company, a corporation organized under the laws of the State of Kentucky," in which designated articles of value were at the time kept "for use, or on deposit, or for transportation as freight," with the intent to steal.   After introducing evidence tending to show the commission of the offense by the defendants, and that the car which was broken into and entered, was the property of the Louisville and Nashville Railroad Company, the State offered in evidence "a book containing what purported to be a charter of the Louisville and Nashville Railroad Company, and having the following indorsements on its title page: 'Acts of the General Assembly of the Commonwealth of Kentucky, passed at December Session, 1849. Published by Authority.'" To the introduction of this book the defendants each objected, on the ground that it did not purport, on its face, to have been printed by authority of the State of Kentucky, and that there was no certificate accompanying the same by the Secretary of State of Alabama, that the said book or said charter had been deposited in his office.   The court overruled said objection, and allowed said book and charter to be introduced in evidence; and to this ruling the appellant excepted.   The evidence further tended to show that the car. at the time it was broken into and entered, was in the yard of the South and North Alabama Railroad Company, near Montgomery, in said county, and loaded with freight, consigned to parties along the line of the last named railroad.   There was also evidence tending to show that said

railroad was operated and controlled by the Louisville and Nash-ville Railroad Company.

The defendants in the court below requested the court in writing to give to the jury the following charges: 1. "If the car in question was, at the time of the commission of the alleged offense, in the possession and control of the South and North Alabama Railroad Company, and freight was, at the time, therein stored for delivery by said company along the line of its road, then the jury must find the defendants not guilty, not-withstanding the actual title to said car may have been in the Louisville and Nashville Railroad Company." 2. "If the jury believe the evidence, they will find the defendants not guilty." The court refused to give these charges, and the appellant duly excepted.

J. S. JEMISON and J. G. WINTER, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The statute (Code of 1876, § 4344) upon which this indictment is founded, declares the breaking and entry into a railroad car, in which goods, merchandise, or other valuable thing, is kept for use, deposit, or transportation as freight, with the intent to steal, or to commit a felony, is burglary, subject to punishment by imprisonment in the peni-tentiary. As of burglary, an element of the offense is, that the car broken and entered must be the property of another; and of consequence, it is essential that the indictment should allege the ownership.—*Graves v. State*, 63 Ala. 134. The averment of the indictment is, that the car broken and entered "was the property of the Louisville and Nashville Railroad Company, a corporation organized under the laws of the State of Kentucky."

The general rule is, that when in an indictment it is neces-sary to aver the ownership of property, if at the time of the commission of the offense, there is a general and special owner-ship, the ownership may be alleged in either the general or special owner, or in each in different counts of the indictment. The question most often arises upon indictments for larceny, when, at the time of the stealing, the goods were in the pos-session of a bailee; an averment that they were the property of the bailee, or of the bailor, is good, if supported by proof of the general, or of special ownership. If at the time of the breaking and entry, the car was the property of the Louisville and Nashville Railroad Company, the ownership was properly laid in that corporation, though the South and North Alabama Railroad Company may have had the possession and use of it.

[Warwick v. The State.]

The charges requested by the appellants were therefore properly refused.

There must, however, have been evidence to support the averment of ownership. The fact of the incorporation of the Louisville and Nashville Railroad Company, under the laws of the State of Kentucky, must have been shown to satisfy the averment. To prove the ownership, the same character and degree of evidence which would be necessary in a civil action, at the instance of the company for the injury to the car, is necessary. The fact of incorporation must be shown, and when that is derived from a statute, of which the courts do not take judicial notice, the statute must be produced.—Ang. & Ames on Cor. § 632. The statute of Kentucky, upon which the fact of corporate existence depends, was not provable by the production of a printed volume purporting to contain it, not importing upon its face to have been printed by the authority of that State. The mere declaration upon the title-page of the volume, that it was "published by authority," not indicating the authority—that it proceeded from any of the recognized departments of the State government—did not render it admissible under our statute.—Code of 1876, § 3045. The statute simply affirms and declares the rule of evidence which had, prior to its enactment, been recognized and declared in this court.—*Cox v. Robinson*, 2 S. & P. 91; *Smoot v. Fitzhugh*, 9 Port. 72; *Geron v. Felder*, 15 Ala. 304.

For the error in admitting this volume as evidence, the judgment must be reversed and the cause remanded.