# Edmunds *v.* The State.

### *Indictment for Burglary.*

1 *Proof of foreign statute.*—To render a book self-proving, and admissible as evidence of foreign statutes, public or private, or of legislative proceedings (Code, § 3045), it must appear to be published, not only "by authority," but by authority of the particular State, territory or government therein specified.

FROM the Circuit Court of Cherokee.

Tried before the Hon. JAMES AIKEN.

The indictment in this case charged, in a single count, that the defendant, with the intent to steal, broke into and entered a railroad depot, the property of the "East Tennessee, Virginia & Georgia Railroad Company, a body corporate incorporated under the laws of the State of Tennessee." A trial being had, as the bill of exceptions shows, on issue joined on the plea of not guilty, the State proved the commission of the burglary as charged, by the testimony of an accomplice; "and, to prove the existence of the corporation to whom, as alleged in the indictment, the depot belonged, introduced and read as evidence, against the defendant's objection, the following, purporting to be an act of the General Assembly of Tennessee, passed on the 17th December, 1869, and contained in a book which purported to be the statutes of the State of Tennessee passed by its legislature at the session of 1869–70; which said act is printed on page 45 of said book, and is in the words and figures following." The act referred to is not set out, and the clerk certifies that he has not access to the volume mentioned; nor is the volume described, otherwise than as above stated. The defendant "objected to the admission of said act, because it did not show an act of incorporation ;" and he duly excepted to its admission, as also to the refusal of a charge asked, which instructed the jury that there was no proof before them of the existence of such corporation.

WALDEN & SON, for appellant.

THOS. N. MCCLELLAN, Attornrey-General, for the State.

STONE, C. J.—Section 3045 of the Code of 1876 provides that "public or private statutes, or the proceedings of any legis-

[Coleman v. The State.]

lative body, purporting on the face of the book to be printed by authority of the government, state, or territory, are evidence without further proof." Construing this statute, we, in *Johnson v. The State*, 73 Ala. 483, held, that it was not enough that the book offered in evidence purported on its title-page to have been published "by authority." Our ruling was, that to be admissible in evidence, the book must purport to have been published *by the authority of the government*, by whose legislature the statute purports to have been enacted. To make such book self-proving, it must appear on its face, or title-page, to have been "printed by authority of the State."

The book offered and received evidence in this case falls far short of the one considered in Johnson's case. Taking all that is shown in the bill of exceptions as true, there is nothing which tends to show the State had any thing to do with the printing or publication of the book. It was not legal evidence of the act of incorporation.

Reversed and remanded.