22 So.2d 600

**WILSON v. STATE.**

8 Div. 409.

Court of Appeals of Alabama.
April 17, 1945.

Rehearing Denied May 15, 1945.

Russell W. Lynne, of Decatur, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of burglary in the first degree and his punishment fixed at imprisonment in the penitentiary for the term of ten years. Code 1940, Title 14, § 85.

Said Section 85 of Title 14 of the Code of 1940, which specifically denounces the crime for which appellant stands convicted, is (omitting the number and title) in the following language, to-wit: "Any person who, in the nighttime, with intent to steal or to commit a felony, breaks into and enters any inhabited dwelling house, or any other house or building, which is occupied by any person lodged therein is guilty of burglary in the first degree, and shall on conviction be punished at the discretion of the jury, by death or by imprisonment in the penitentiary for not less than ten years."

There is provided in Code 1940, Title 15, § 259, a form for indictments under the section above quoted denouncing the offense with which appellant was charged and of which he was convicted. Said form— which under the Code Section wherein it is found, and by Code 1940, Title 15, Section 230, is declared to be sufficient—is as it appears in the Code in words and figures as follows, to-wit:

"29. *Burglary in first degree.* (§ 85 of Title 14.)

"A. B. did, in the nighttime, with intent to steal (or to commit arson in the first degree, or other designated felony, as the

case may be, or in the alternative) break into and enter an inhabited dwelling (or other house or building within the statute, describing it *and giving the name of the owner or person in possession*) which was occupied by C. D., a person lodged therein, against, etc." (Italics supplied by us.)

There were three counts in the indictment under which appellant was put to trial.

For purposes of illustration—the other two counts being subject to the same defect—we quote the first of said counts. It reads: "The Grand Jury of said County charge that before the finding of this indictment Walter Wilson, alias Tommie Stevenson, did, in the nighttime, with intent to steal, break into and enter an inhabited dwelling house which was occupied by *Emmet Mitchell*, a person lodged therein, against the peace and dignity of the State of Alabama."

To go no further, it is at once apparent that said count, and the other two counts, of the indictment, were each and all subject to the defects pointed out by the third, fifth, eighth and nine grounds of appellant's duly interposed demurrer. (The reporter will set out these grounds in his report of the case.)

As we said in our opinion in the case of Jetton v. State 29 Ala.App. 134, 195 So. 283, 284—but quoting from Emmonds v. State 87 Ala. 12, 6 So. 54—"one of the essentials of a charge in offenses against property is the negation of the defendant's ownership by such averments as show affirmatively that the property, general or special, against which the crime is laid, is in another." Here the indictment, i.e. the three counts thereof, did not do this. The demurrers should have been sustained; and for the error in overruling same we must reverse the judgment of conviction.

The case appears to have been carefully and capably tried—with the single exception of the fatally erroneous ruling on the demurrers to the indictment.

The Assistant Attorney General here representing the State has furnished us with an excellent brief. But he undertakes to avoid reversal because of the ruling mentioned on the demurrers to the indictment by stating that the indictment (and its various counts) follows the form prescribed by our Statute (Code 1940 Title 15, § 259, Form 29), and is therefore sufficient. (Code 1940, Tit. 15, § 230).

What we have set out hereinabove demonstrates, we believe, that the usually very careful Assistant Attorney General is in error in his said statement.

Reversed and remanded.