22 So.2d 601

## WILSON v. STATE.

### 8 Div. 319.

Supreme Court of Alabama.

June 14, 1945.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the petition.

Russell W. Lynne, of Decatur, opposed.

SIMPSON, Justice.

The indictment sought to charge the defendant with the offense of burglary in the first degree. Code 1940, Title 14, § 85.

The petition for certiorari challenges the ruling of the Court of Appeals in holding the indictment demurrable for failing to allege the name of the owner or the propri-

etor in possession of the burglarized property.

An essential averment in a charge for an offense against property is the negation of the defendant's ownership or possessory right, so as to affirmatively show that the property, general or special, against which the crime is laid, is in another. Emmonds v. State, 87 Ala. 12, 6 So. 54.

This is true of a charge of burglary under our statute because the offense is not committed by one who breaks and enters his own dwelling house or other building. 12 C.J.S. Burglary, § 26, p. 685.

Our cases have uniformly sustained the correctness of this principle. See Ward v. State, 50 Ala. 120; Beall v. State, 53 Ala. 460; Graves v. State, 63 Ala. 134; Johnson v. State, 73 Ala. 483; Adams v. State, 13 Ala.App. 330, 69 So. 357; Jetton v. State, 29 Ala.App. 134, 195 So. 283, certiorari denied 239 Ala. 306, 195 So. 284.

The averment alone of the name of an occupant of the premises, lodged therein, unless it affirmatively appears that he was the owner or the proprietor in possession thereof, does not suffice. In addition to such averment, the other essential allegation first above mentioned is also necessary.

This same section of our burglary law was under consideration in the case of Reeves v. State, 245 Ala. 237, 16 So.2d 699, 701, where, in discussing the requisite averments of an indictment drawn thereunder, it was declared:

"In codifying the statute, the same legislature prescribed the form of indictment for burglary in the first degree. This form 29, Title 15, § 259, p. 422, omitting certain parenthetical clauses for purposes of clarity, reads: 'A. B. did, in the nighttime, with intent to steal * * * break into and enter an inhabited dwelling' *(of a named owner)* 'which was occupied by C. D., a person lodged therein,' etc. This discloses a legislative construction in keeping with the view that the presence of an occupant at the time of the burglary is an element of the capital offense, to be averred in the indictment, *giving the name of the occupant.*" (Italics supplied)

The conclusion likewise results that this prescription of the form of indictment in the codification also disclosed a legislative construction that the averment of the name of the owner or person in possession of the burglarized property is also necessary.

The decision of the Court of Appeals is correct.

Writ denied.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.