THE STATE OF OHIO, APPELLEE, *v.* WEITZEL, APPELLANT.

(No. 8766—Decided April 11, 1960.)

*Mr. C. Watson Hover*, prosecuting attorney, and *Mr. Harry C. Schoettmer*, for appellee.

*Mr. Howard T. Witherby*, for appellant.

*Per Curiam.* During the July term, 1959, of the Court of Common Pleas of Hamilton County, Ohio, the defendant, John F. Weitzel, was jointly indicted with Jerry R. Hunley and Paul Burton for burglary of an inhabited dwelling and larceny; the dwelling being that of Fay Vaughn.

So far as this defendant is concerned, the jury found him guilty of burglary and recommended mercy. The court sentenced him to the Ohio Penitentiary for from 5 to 30 years, where he is now incarcerated.

Defendant appeals his conviction and, among other errors,

complains that there is substantial evidence to the effect that Fay Vaughn is his common-law wife, and that, over his objection, she was permitted to testify against him; that, as a result of the *voir dire* examination on the subject, the court ruled that Jerry Hunley's testimony as to the common-law status of defendant and Fay Vaughn be stricken; further, that what the court told the jury in explanation of that ruling was in direct conflict with his general charge. At page 118 of the record, we find this situation: the prosecutor moved to strike Hunley's testimony which was as follows: "I knew they lived together but as man and wife, common law or whatever it might be"; the court said: "I think at this time, the motion will be granted to strike what he said, they were common law man and wife. I think it is time for me to explain to the jurors that there was an issue raised here as to the question of whether or not Mrs. Vaughn, who was a witness here and the defendant, Weitzel, were married and were actually husband and wife. Now that was a question of law in the opinion of the court, which the court was required to determine, and the court did determine that issue, and *that is not an issue for the jury to determine in this case, as to whether these people were husband and wife*. The court has already determined that issue." We hold the court was in error in this respect. The record, pages 7 to 71 on the *voir dire* examination is full of evidence to the effect that Mrs. Vaughn and Weitzel were in fact common law husband and wife; the evidence, it is true, is in conflict and, for that reason, the court should have permitted this testimony. It was for the jury to determine whether a common-law marriage existed, as the court subsequently said to the jury in his general charge. If reasonable minds could have come to no other conclusion than that there was a common-law marriage, then the court should have directed a verdict of not guilty; but where there is a conflict in the evidence, it is a question for the jury.

Now in its general charge the court used this language: "Defendant Weitzel claims now in this case to you that he is the husband of Fay Vaughn, that she is his wife. Now if this would be the fact, if you would find in this case that that is the fact that these two parties are husband and wife, then I should

say to you that you should find the defendant not guilty of either of these crimes." This is a correct statement of the law. A man cannot steal from his wife or burglarize his wife's home. However, we hold the court was wrong when it told the jury, in explanation of its ruling on the striking of the Hunley testimony, "that is not an issue for the jury to determine in this case, as to whether these people were husband and wife. The court has already determined that issue."

Defendant's entire defense was based on his claim of common-law marriage to the prosecuting witness, Fay Vaughn; the law is well settled that while an agreement "*in praesenti*" must exist before there can be a common-law marriage, nevertheless, such an agreement can result from the conduct of the parties in the community where they work or reside, and their actions as testified to by their acquaintances. It is not necessary that the proof establish an express agreement resulting in contract. It may be established by circumstances, from which an agreement may be inferred. *Markley* v. *Hudson*, 143 Ohio St., 163, 54 N. E. (2d), 304.

In 35 Ohio Jurisprudence (2d), 565, Section 74, we find this language: "Marriage may be presumed from the continued cohabitation of the parties as husband and wife, and the holding out of such relation among their friends and neighbors."

In other words, we have misleading confusion in this case; at one place in the trial, the court tells the jury that they are not concerned with a determination of whether Mrs. Vaughn and Weitzel were married; that the court has decided that they are not; and in the general charge, the court tells them that they are concerned; that they must decide whether Mrs. Vaughn and Weitzel were married or not, and if they find that they are, they must acquit the defendant. Which admonition must the jury follow?

The judgment is reversed, and the defendant is granted a new trial.

*Judgment reversed.*

MATTHEWS, P. J., LONG and O'CONNELL, JJ., concur.