Reversed and remanded.

127 So.2d 388

**Dan HADLEY**

v.

**STATE.**

**I Div. 854.**

Court of Appeals of Alabama.

Feb. 21, 1961.

Kenneth Cooper, Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for State.

HARWOOD, Presiding Judge.

This appellant has been adjudged guilty under an indictment containing two counts, which reads as follows:

### "Count 1

"The Grand Jury of said County charge that before finding this indictment Dan Hadley, whose name is to the Grand Jury otherwise unknown, did, within the State of Alabama, transport in quantities of five gallons or more liquor or beverages, the sale, possession, or transportation of which is prohibited by law in the State of Alabama, against the peace and dignity of the State of Alabama.

### "Count 2

"The Grand Jury of said County charge that before finding this indictment Dan Hadley, whose name is to the Grand Jury otherwise unknown, did, within the State of Alabama, transport ten (10) gallons of moonshine whiskey, the transportation of which is prohibited by law in the State of Alabama, against the peace and dignity of the State of Alabama."

A demurrer was filed to the indictment by the appellant, and Ground 6 of said demurrer is:

"The indictment does not allege that the act complained of is contrary to the laws of Alabama."

Where an indictment fails to state that the act was unlawfully done, and apt demurrer points out this defect, the demurrer should be sustained. Henry v. State, 33 Ala. 389. In accord with the Henry case, supra, by inference, is language in the cases of Harris v. State, 248 Ala. 389, 27 So.2d 797; Waldrop v. State, 39 Ala.App. 412, 104 So.2d 567.

However, where the indictment contains such phrases as "contrary to the statute in

such cases made and provided" (State v. Click, 2 Ala. 26), or "contrary to the provisions of (designated Code section)", or "contrary to law" (Gayden v. State, 38 Ala. App. 39, 80 So.2d 495, 497), then it is not error to overrule a demurrer to the indictment because of the omission to state that the act was unlawfully done.

The indictment in this case in Count 1 charges that the appellant "did  *  *  * transport in quantities of five gallons or more  *  *  * liquor  *  *  * the transportation of which is prohibited by law in the State of Alabama  *  *  *."

Count 2 is similar in tenor.

■ We think the language used in the indictment is equivalent to charging that the liquor was "unlawfully" transported in that it specifies that the transportation of the liquor was prohibited by law.

No error resulted from overruling the demurrer to the indictment.

The evidence presented by the State tends to show that about 9:00 P.M. on the evening of 4 June 1960, two law enforcement officers observed a car driven by one Alton Mosley. The appellant who is Mosley's father-in-law, was a passenger in the car. The officers pursued and stopped the car. Just before the pursued car came to a halt, Mosley jumped from the car and ran, followed shortly in flight by the appellant.

Opening the trunk compartment the officers found two five gallon jugs of "moonshine" whiskey therein.

The automobile was registered in the name of Mosley, and was owned by Mosley.

For the defense Alton Mosley testified that on the night in question he had driven by appellant's home and asked him to "Go with him." Prior to this, Mosley said he had obtained the whiskey in question, placed it in the trunk compartment, and the appellant did not know the whiskey was in the car.

Mosley further testified he had already been sentenced to two years imprisonment for transportation of the whiskey in question.

■ No motion to exclude the State's evidence, nor request for a charge affirmative in nature, nor motion for a new trial having been made below, the sufficiency of the evidence is not before us for review. Gillogby v. State, 40 Ala.App. 640, 120 So. 2d 570; White v. State, 40 Ala.App. 378, 114 So.2d 325.

An exception was reserved to the following portion of the court's oral charge:

"The laws of Alabama make it a violation of law to transport whiskey by any means of five gallons or more."

We judicially know that Baldwin County is a "wet" County.

■ This portion of the charge is therefore an incorrect statement of the law in that in "wet" counties it is not illegal to transport whiskey in five gallons or more where the whiskey is purchased from a legal source, i. e., a "State Store," or from one licensed to sell whiskey.

However, we are unwilling to cast error on the court in this instance in that the evidence shows without contradiction that the whiskey was "white" or "moonshine" whiskey, the possession of which is illegal in every county in the State of Alabama, as is the transportation thereof in quantities of five gallons or more.

In view of the undisputed illegal nature of the whiskey here involved, the appellant was not, in our opinion, probably injured in any substantial right by the portion of the charge to which exception was reserved. Sup.Ct.Rule 45, Code 1940, Tit. 7 Appendix.

Affirmed.