180 So.2d 288

**Joe P. KNIGHT**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 132.**

Court of Appeals of Alabama.

Nov. 9, 1965.

Wm. Conway, Birmingham, for appellant.

Wm. C. Walker, Birmingham, for appellee.

PRICE, Presiding Judge.

The Complaint is in the following language: "Comes the City of Birmingham, Alabama, a municipal corporation, and complains that Joe P. Knight, within twelve months before the beginning of this prosecution and within the City of Birming-

ham or the police jurisdiction thereof, did change or alter a meter through which electricity was furnished in such manner that electricity could be used or consumed without passing through and properly registering upon said meter by disconnecting said meter from the line socket terminals or clips and connecting other wires to said line socket terminals or clips thereby bypassing said meter, contrary to and in violation of Section 36–47 of the General City Code of Birmingham of 1964."

The pertinent part of Section 36–47 of the City Code reads as follows: "It shall be unlawful for any person to connect a tube, pipe, wire or other instrument or contrivance with any pipe, wire or conduit used for conducting or supplying gas, electricity, steam or water, or in any manner to change, alter, extend, connect or disconnect any pipe, wire, conduit, meter or attachment through or by which the same is or may be furnished or supplied, in such manner as that any gas, electricity, steam or water is or can be used or consumed without passing through and properly registering upon the meter or other measuring instrument provided for registering the quantity used or consumed."

The only assignment of error relates to the overruling of defendant's demurrer to the complaint. The demurrer is based upon the following grounds: That the ordinance is void and will not support a complaint based thereon; that it is not alleged that the act done was unlawful; it is not alleged that any electricity was used or passed through said electric wires; that the premises are not described; that the ownership of the electricity does not appear.

■ The ground to the effect that the ordinance is unconstitutional is general. It fails to point out in what the invalidity consists.

Fitzpatrick v. State, 169 Ala. 1, 53 So. 1021; Cabiness v. City of Tuscaloosa, 39 Ala.App. 538, 104 So.2d 778.

■ The allegation that the act complained of was "contrary to and in violation of Section 36–47 of the General City Code of Birmingham of 1964," was a sufficient averment that the act done was unlawful. Hadley v. State, 41 Ala.App. 218, 127 So.2d 388.

■ There are two sections of the ordinance. To constitute a violation of the first section, the one on which the complaint is based, it is not necessary for electricity to be used or passed through the electric wires. The demurrer as to this ground was properly overruled.

"One of the essentials of a charge in offenses against property is the negation of the defendant's ownership by such averments as show affirmatively that the property, general or special, against which the crime is laid, is in another." Emmonds v. State, 87 Ala. 12, 6 So. 54.

See also Wilson v. State, 32 Ala.App. 127, 22 So.2d 600, cert. denied, 247 Ala. 84, 22 So.2d 601.

■ A complaint must state facts constituting the offense charged in sufficient detail to enable the accused to prepare his defense and to prevent his being put in jeopardy twice for the same offense. Philyaw v. City of Birmingham, 36 Ala.App. 112, 54 So.2d 619.

■ We are of opinion the failure to specify the premises or to designate the owner of the property involved renders the complaint insufficient to constitute a cause of action against defendant. The demurrer should have been sustained.

For the court's action in overruling the demurrer the judgment is reversed and the cause remanded.

Reversed and remanded.