214 So.2d 299

Joseph Eugene STEHL

v.

STATE of Alabama.

8 Div. 273.

Supreme Court of Alabama.

Sept. 19, 1968.

L. Bruce Ables, Huntsville, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant, an indigent, represented in the trial court, and here, conscientiously and diligently, by appointed counsel, was indicted by the grand jury of Madison County and there convicted in the circuit court of burglary in the first degree. The conviction was for burglary in the nighttime of an occupied dwelling house.

The indictment is deficient, in that it fails to allege the name of the owner or the person in possession of the alleged burglarized property, or to negate the ownership and possession of defendant. Wilson v. State, 32 Ala.App. 127, 22 So.2d 600, cert. den. 247 Ala. 84, 22 So.2d 601. But the deficiency was not challenged by demurrer or questioned by appropriate pleading. Under such circumstances we will not review the indictment. Such challenge will be available to defendant on reversal and remand of this cause.

The occupant of the dwelling, alleged to have been burglarized, testified that so far as she knew all of the windows and doors were closed and locked. A police officer, called to the scene at the time of the alleged burglary along with other police officers, testified that when he arrived he went to a side door that was open, and went in through the open door. The officers testified that they found the defendant under a bed in one of the rooms of

the house. There was no evidence that any of the doors or windows were broken open, and no evidence of any keys or burglary tools found on the defendant.

Requested written charge No. 8 for the defendant was refused, and was not covered by the oral charge of the trial court, nor by given charges for the defendant. The charge reads as follows:

"The Court charges the Jury that Defendant would not be guilty, even though he were in the house, if he entered through an open door or window without further opening such door or window."

The indictment charges that the defendant "did, in the nighttime, * * * break into and enter an inhabited dwelling, to-wit: * * * against the peace and dignity of the State of Alabama."

In Scott v. State, 22 Ala.App. 380, 115 So. 853(7), the identical charge (as No. 8, supra) was refused in a burglary charge, as here. The refusal was held error to reverse and remand.

█ Entering a house through an open door or window is not burglary. Pines v. State, 50 Ala. 153; Green v. State, 68 Ala. 539; Scott v. State, supra.

We will not consider other rulings of the trial court which appellant contends were in error. The same rulings may not be invoked or made at the next trial.

The judgment of the trial court, for error in refusing defendant's written charge No. 8, is reversed and the cause remanded.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and KOHN, JJ., concur.