326 So.2d 148

**Lee STANLEY**

v.

**STATE.**

I Div. 621.

Court of Criminal Appeals of Alabama.

Jan. 20, 1976.

Fred F. Smith, Fairhope, for appellant.

William J. Baxley, Atty. Gen., and Rosa G. Hamlett, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an eighteen year-old indigent, was indicted for burglarizing an uninhabited dwelling house, owned by or in the possession of Archie Lawrence. The indictment avers that the burglary was committed with intent to steal. He declined to be tried under the Youthful Offender Act. A jury convicted him. The court imposed sentence of three years imprisonment. This appeal followed from the judgment.

It appears from the evidence that the house was owned at the time of the alleged

burglary, August 2, 1974, by Archie Lawrence but was rented to Deborah Quaites as a tenant.

█ There was no variance between the proof and the indictment; both showed ownership in Lawrence which was sufficient. The fact that the house was rented to a tenant did not impair the efficacy of the alleged ownership in the indictment, nor did it give credence to a variance. The tenant was not at home when the burglary occurred. Hence, the dwelling was uninhabited at the time. *Moore v. State*, 35 Ala.App. 95, 44 So.2d 262.

█ The Supreme Court in denying a petition for a writ of certiorari in *Wilson v. State*, 32 Ala.App. 127, 22 So.2d 600, held in *Wilson v. State*, 247 Ala. 84, 22 So.2d 601, that "an essential averment in a charge for an offense against property is the negation of the defendant's ownership or possessory right, so as to affirmatively show that the property, general or special, against which the crime is laid, is in another." *Emmonds v. State*, 87 Ala. 12, 6 So. 54.

This is true of a charge of burglary under our statute because the offense is not committed by one who breaks and enters his own dwelling or other building. *Wilson*, supra; 12 C.J.S. Burglary § 26, p. 685, T. 15, § 259, Code of Alabama, Recompiled 1958, Form No. 32. The indictment meets the mandates of law and there was no variance. It showed that the defendant was not the owner at the time of the alleged burglary.

█ A confession to the instant burglary was admitted over defendant's objection for that the confession contained an admission of two prior offenses of burglary.

The two offenses referred to the burglary of the same house or dwelling, the subject of the instant indictment, which at the time was occupied by Clifton Quaites, who was the husband of Deborah Quaites. On the first burglary he admitted taking some money and a pair of pants. On the second burglary, he said he could not find anything he wanted.

The confession of these two burglaries was admissible to show intent with respect to the instant burglary, which defendant denied.

Defendant contended on the stand that he entered the dwelling as a visitor, and did not break in or enter by force. Mrs. Quaites testified that she securely locked the dwelling when she left. Another witness testified that he saw defendant raise and enter through a window. The witness called the police who found defendant sitting in a chair.

█ It is true that ordinarily, evidence of other offenses, is not admissible. *Harvey v. State*, 41 Ala.App. 300, 130 So.2d 823; *McMurtrey v. State*, 37 Ala.App. 656, 74 So.2d 528. As with most broad general rules, numerous exceptions have been developed. One of these exceptions is that the proof of similar transactions at or near the time of the offense in question, is admissible to prove intent, scheme or pattern; *Harvey*, supra; *McMurtrey*, supra.

The two offenses in question involved the burglary of the instant house then occupied by the same tenant, Mrs. Quaites. We hold that confession of the two other burglaries was clearly admissible to show intent to steal, and that the entry was not made for a social visit as defendant contended.

The interval between the first two burglaries, in February, 1974, and the instant burglary, August 2, 1974, about five months, was not so wide in point of time as to preclude admission of the confession as to the February burglaries.

We have reviewed the record and find no prejudicial rulings by the trial court. The motion to exclude the evidence was properly overruled.

The judgment is affirmed.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge on this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.