LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant-defendant was convicted of burglary in the second degree on an indictment charging that “he . . .did with the intent to steal, break into and enter a shop, store or warehouse, known as Food-way, Inc., a corporation which is specially constructed or made to keep goods, wares, merchandise or other valuable things, . . ”
At the conclusion of the State’s case, defendant moved to exclude the evidence on the ground that there was a variance between the indictment and the evidence as to the identity or description of the place defendant is alleged to have broken into and entered. The court overruled the objection; defendant reserved an exception and then rested.
The evidence was undisputed that the alleged burglary was of a store known as “Vick’s Family Center” located in Sulligent. “Foodway, Inc. is a multi-complex organization which has both drygoods, groceries and super markets. . The Foodway Corporation owns this Vick’s Family Center” and owned the store burglarized. The sign in front of the store was, “Vick’s Family Center.” There were no “identification marks outside” that said “Foodway, Inc.” In the following, are extracts from testimony of the main witness for the State on the question of the ownership, name, etc., of the place burglarized:
“Q. Are there any stores located in Sul-ligent by the name of Foodway Grocery Stores?
“A. In Sulligent?
“Q. Yes.
“A. Not Foodway Grocery, it’s all Vick’s.
“Q. Are there actually any stores in Lamar County that the name of them is Foodway Grocery Store?
“A. Yes, sir.
“Q. Where is that one located?
*511 “A. There is a Foodway in Vernon.” With reference to the particular store, the testimony of the witness was in part as follows:
“Q. What does that store sell?
“A. It sells drygoods and also sells a line of groceries.
“Q. And the west end is drygoods, isn’t it?
“A. I don’t know which direction is which, but it has drygoods and groceries. “Q. Drygoods in one end and groceries in another?
“A. Yes.
“Q. And it is identified on the outside by Vick’s Family Center?
“A. Right.
“Q. And those signs, there is no identification marks outside at all that say Food-way, Inc., are there?
“A. I don’t believe there would be any Foodway name involved on it at all, I sure don’t.
“Q. Do they have their billing or their letterheads or their checks entitled Vick’s Family Center?
“A. On the letterheads, all correspondence goes out under the name of Food-way, Inc.
“Q. That is all the correspondence in reference to that store up there?
“A. It would go out under a Foodway, Inc. letterhead. The checks themselves have a Vick’s logo on the checks but up under the logo is Foodway, Inc.
“Q. What is Vick’s logo?
“A. Vick’s logo is the trade mark or sign that says Vick’s on it.
“Q. Are there any stores located in Sul-ligent by the name of Foodway Grocery Stores?
“A. In Sulligent?
“Q. Yes?
“A. Not Foodway Grocery, it is all Vick’s.
“Q. Are there actually any stores in Lamar County that the name of them is Foodway Grocery Store?
“A. Yes, sir.
“Q. Where is that one located?
“A. There is a Foodway in Vernon.
“Q. I am talking about Foodway Grocery Store, I am not talking about just the word Foodway?
“A. Foodway super market, the word Foodway is all you will ever see. You never see a Foodway Grocery Store as part of the name, it is Foodway and that is it.

“Q. Does Foodway have any stores in Lamar County?
“A. Yes, sir, there are stores in Lamar County.
“Q. Is there one in Vernon?
“A. Yes, sir, there is one in Vernon. “Q. What is it entitled, what is it known as?
“A. Foodway.
“Q. Are there any others?
“A. Millport, is that in Lamar County? “Q. Yes.
“A. There is a Foodway in Millport.
“Q. What is it known as?
“A. It is known as Foodway.”
The principal evidence tending to connect defendant with the corpus delicti consisted of a money bag and nineteen rolls of coins found in defendant’s automobile the night of the burglary, which automobile was being driven about five miles west of Sulli-gent and was occupied by defendant and two others. The money bag had written on it the words “Vick’s, Sulligent, Phil Seag-raves.” In testifying for the state, Mr. Seagraves identified himself as the manager of Vick’s Family Center.
Compliance with the Code form for burglary in the second degree requires that the name of the owner or person in possession be alleged. Code 1940, Tit. 15, § 259, Form 32. A burglary indictment that fails to allege the name of the owner or the person in possession of alleged burglarized property, or to negate defendant’s ownership or possession thereof, is defective. Stehl v. State, 283 Ala. 22, 214 So.2d 299; Emmonds v. State, 87 Ala. 12, 6 So. 54; Wilson v. State, 32 Ala.App. 127, 22 So.2d *512 600, cert. denied, 247 Ala. 84, 22 So.2d 601; Noojin v. State, 29 Ala.App. 178, 194 So. 414. As defendant did not raise the question of the sufficiency of the indictment on the trial, its insufficiency in and of itself is not a ground for a reversal of the judgment on appeal. Stehl v. State, supra.
The failure of the indictment to allege the ownership or possession of the property so as to negate defendant’s ownership or possession thereof does not lighten the duty of the State to produce evidence to support the averment in the indictment identifying the property alleged to have been broken into and entered. Gilmore v. State, 99 Ala. 154, 13 So. 536; Porter v. State, 17 Ala.App. 550, 86 So. 143; Reeves v. State, 31 Ala.App. 226, 16 So.2d 697, cert. denied, 245 Ala. 237, 16 So.2d 699; Moore v. State, 35 Ala.App. 160, 44 So.2d 789, cert. denied, 253 Ala. 307, 44 So.2d 790.
In ruling on defendant’s motion to exclude the evidence, the court stated:
“THE COURT: Donald [Donald McClure, the accountant for Foodway, Inc.] testified that it was known and sometimes called Foodway Grocery but the indictment goes further and says it is owned by Foodway, Inc., a Corporation and this was a branch of that. As the Court understands the law on that, the indictment is supposed to allege enough to acquaint the defendant with enough for him to know what he is charged with. Now, in this case, I think that it has been done and brought out here and Mr. Holder you mentioned about the Town of Sul-ligent, I don’t recall the testimony to be there was any other Vicks Family Center anywhere other than Sulligent, but it is alleged here in the complaint to be owned by Foodway, Inc., a branch of that, and it will be the order of the Court that the motion will be denied . . .”
The court had well in mind the principles of law applicable to the question before it, but unfortunately it did not have the advantage of the exact language of the witnesses as they testified to the intricacies of the “multi-complex organization” by the name of Foodway, Inc. When Mr. McClure testified as to “Foodway Grocery,” he was distinguishing the term “Foodway Grocery Store,” as shown by the following:
“Q. In other words Mr. McClure, there is no such thing in Lamar County or anywhere else as far as you know that is known as the Foodway Grocery Store?
“A. Only by colloquialism, they say let’s go to Foodway Grocery Store.”
The written record makes it clear by Mr. McClure’s testimony, as well as the rest of the testimony in the case on the point, that the store that was burglarized was known as Vick’s Family Center, or variations thereof, and was not “known as Food way, Inc.,” or any variation thereof. As no point had been made to the effect that the indictment was defective in not averring ownership or possession of the property so as to negate rightful entry thereof by defendant, the court was seemingly led to assume that it did so in the indictment’s reference to “Foodway, Inc.,” which doubtless accounts for the mistaken understanding that “the indictment goes further and says it is owned by Foodway, Inc.”
There was reversible error in the denial of defendant’s motion to exclude the evidence and in the refusal of the affirmative charge requested in writing by defendant.
The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court; and the judgment of the trial court is hereby reversed and the case remanded.
REVERSED AND REMANDED.
All the Judges concur.